UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:09Cr52-8 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANTHONY LEE MONROE, | ) | |
| | ) | |
| Defendant | ) | |

Defendant Anthony Lee Monroe moves the Court to server his trial on Counts One and Eight and to sever his trial from the other defendants (Doc. No. 88). For the reasons set forth below, the Motion is DENIED.

Defendant Monroe is charged in Count One with conspiracy to possess with the intent to distribute and distribute marijuana (21 U.S.C. § 846) from July 24, 2008 through July 30, 2008. He is charged in Count Eight with knowingly and intentionally possessing a detectable amount of marijuana (21 U.S.C. § 844) on June 8, 2009. Although these offenses occurred at different times, they are related offenses with a logical relationship since both involve marijuana and both allege that the Defendant had knowledge of how to access a marijuana distribution network. Thus, even if the Counts were severed, the evidence of one could still be introduced in the trial of the other under Fed. R. Evid. 404(b). While a limiting instruction at trial if requested by the Defendant may be appropriate, severance of the Counts under Fed. R. Evid. 303 is not appropriate because the limiting instruction would prevent undue prejudice and jury confusion. *See generally United States v. Cardwell*, 433 F.3d 3787, 385 (4th Cir. 2005) (joined counts only need to have a "logical relationship" and broad joinder is permitted because of the efficiency in trying a defendant on related counts in the same trial).

As to the Defendant's contention that he should be severed from the other defendants because (1) some of them are charged with firearms counts and (2) the case against him is the weakest of all defendants, his argument for severance from the other defendants also fails. Unless there would be a miscarriage of justice, there is a presumption that co-defendants in a conspiracy should be tried together. *Zafiro v. United States*, 506 U.S. 534, 537-38 (1993). Severance is only required when there is a serious risk that a joint trail would compromise a specific trail right of one of the defendants. *Id.* At 538. As in this case, there is no right to a severance merely because the evidence against one or more defendants is stronger or some of the evidence against the other defendants is more inflammatory. *United States v. Khan*, 461 F.3d 477, 490-91 (4th Cir. 2006).

THUS the Motion to Sever Defendants and Counts is DENIED.

Signed: July 27, 2009

Frank D. Whitney
United States District Judge